# Third District Court of Appeal

## State of Florida

Opinion filed February 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1775
Lower Tribunal No. 11-31114
_____

## Florida Capital Group, Inc.,
Appellant,

vs.

## Bart S. Bishop,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Akerman LLP, Kristen M. Fiore (Tallahassee) and Christopher S. Duke (West Palm Beach), for appellant.

Damian & Valori, LLP, Melanie E. Damian, Mary Claire Espenkotter and Allison J. Leonard, for appellee.

Before ROTHENBERG, C.J., and FERNANDEZ, and LUCK, JJ.

FERNANDEZ, J.

Florida Capital Group, Inc. appeals the trial court's order granting Bart S.

Bishop's motion to vacate dismissal and entry of the final judgment confirming

payment of Bishop's severance package awarded in arbitration. Because the final judgment does not include the condition of approval contained in the arbitration award, we reverse the final judgment. We affirm the vacatur of the dismissal order without further discussion.

Pursuant to an arbitration agreement, Florida Capital, a bank holding company, and Bishop, a former executive of Florida Capital, submitted a dispute to the American Arbitration Association ("AAA") regarding Bishop's severance payment. The parties stipulated that the severance payment constituted a "golden parachute payment," as Florida Capital was deemed to be in a "troubled condition." See 12 C.F.R. § 359.1(f) (2011). AAA awarded payment of Bishop's severance, conditioned on Florida Capital obtaining the necessary approval from the Office of the Comptroller of the Currency ("OCC") and the Federal Deposit Insurance Corporation ("FDIC"). See 12 C.F.R. § 359.4 (2011).[1]

Upon motion to confirm and enforce the arbitration award, the trial court entered the final judgment confirming payment but did not include the condition of approval. Because the trial court did not modify or correct the award pursuant to section 682.10 or section 682.14, Florida Statutes, or vacate the award pursuant to

---

[1] On or about March 26, 2009, the OCC determined that Florida Capital was in a "troubled condition," as is defined by section 303.101(c), Code of Federal Regulations. This designation requires approval of the OCC and the FDIC before a golden parachute payment may be made.

section 682.13, Florida Statutes, <u>see</u> § 682.12, Fla. Stat. (2016), it was required to "confirm the award as made," <u>see</u> § 682.14(2), Fla. Stat. (2016).

Accordingly, we reverse the final judgment and remand to the trial court with instructions to enter final judgment in conformity with the award as made; i.e., condition payment upon required approval from the OCC and the FDIC.

Affirmed in part, reversed in part, and remanded with instructions.